IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PORT LYNCH, INC., | ) | Civ. No. 11-00398 DKW-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | DEFENDANT'S MOTION FOR |
| SAMSUNG FIRE & MARINE | ) | ATTORNEYS' FEES |
| INSURANCE CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Before the Court is Defendant Samsung Fire & Marine Insurance Co., Ltd.'s Motion for Attorneys' Fees (Doc. 71). After careful consideration of the Motion and the supporting and opposing memoranda, the Court finds and recommends that this Motion be GRANTED IN PART AND DENIED IN PART. The Court recommends that Defendant be awarded $31,418.00 in attorneys' fees.[1]

BACKGROUND

Plaintiff Port Lynch, Inc. owned and operated a commercial longline fishing vessel, the Tanya Rose O.N. 545579 ("the Vessel"). (Complaint ¶ 7.) On July 18, 2010, while the Vessel was conducting commercial fishing operations at

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

sea, it began to take on water and eventually sank. (Id. ¶¶ 12-13.) Defendant, which had issued an insurance policy regarding the Vessel, denied coverage for the loss. (Id. ¶ 14.)

On June 21, 2011, Plaintiff filed this action against Defendant, asserting the following claims: declaratory judgment that the sinking of the Vessel was a covered event under Defendant's insurance policy (Count 1); breach of contract (Count 2); breach of the duty of good faith and fair dealing (Count 3); and attorneys' fees and costs (Count 4). After the parties filed cross-motions for summary judgment, District Judge Derrick K. Watson granted summary judgment in favor of Defendant on October 24, 2013. (Summary Judgment Order, Doc. 69.) Judgment was entered in Defendant's favor that same day. (Judgment, Doc. 70.)

Defendant filed this timely Motion for Attorneys' Fees on November 7, 2013.

On November 21, 2013, Plaintiff filed a post-judgment motion, seeking to modify the Court's award of summary judgment by filing a Motion to Amend The (1) Order Granting Defendant's Motion for Summary Judgment and (2) Judgment ("Plaintiff's Motion to Amend Judgment"). (Doc. 77.) After briefing was complete, Judge Watson denied this post-judgment motion without a hearing.

## DISCUSSION

Defendant's Motion for Attorneys' Fees seeks $31,470.50 pursuant to Hawaii Revised Statutes § 607-14.

I.     Attorneys' Fees Under Hawaii Revised Statutes § 607-14

     A.     This Action is in the Nature of Assumpsit

Plaintiff does not dispute that Hawaii Revised Statutes § 607-14 governs whether attorneys' fees are authorized in this case. Rather, Plaintiff argues that this statutory provision does not apply because this action was not "in the nature of assumpsit." (Opp. at 4.)

HRS § 607-14 provides that, "in all actions in the nature of assumpsit . . . there shall be taxed as attorney's fees, to be paid by the losing party . . . , a fee that the court determines to be reasonable." "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." Au v. Funding Group, Inc., 933 F. Supp. 2d 1264, 1271 (D. Haw. 2013) (quoting 808 Dev., LLC v. Murakami, 141 P.3d 996, 1013 (Haw. 2006)). Under Hawaii law, "an action in the nature of assumpsit includes 'all possible contract claims.'" Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997).

Whether an action is in the nature of assumpsit is "determined from the substance of the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings." Au, 933 F. Supp. 2d at 1271. "Further, a plaintiff's prayer for attorney fees is a significant indication that the action is in assumpsit." Id. "When there is a doubt as to whether the action is in assumpsit or tort, there is a presumption that the suit is in assumpsit." Id.

"Although the Court looks to the substance of the entire pleading, it must also 'determine whether each individual claim alleged in a complaint sounds in assumpsit or tort.'" Id. Plaintiff's Complaint asserts four claims: declaratory judgment that the sinking of the Vessel was a covered event under Defendant's insurance policy (Count 1); breach of contract (Count 2); breach of the duty of good faith and fair dealing (Count 3); and attorneys' fees and costs (Count 4). The Court finds that Counts 2 and 3 for breach of contract and breach of the duty of good faith and fair dealing are clearly assumpsit claims. Valencia v. Carrington Mortgage Servs., LLC, CV. NO. 10-00558 LEK-BMK, 2013 WL 3223632, at *3 (D. Haw. May 9, 2013) ("the claim for breach of contract / breach of the covenant of good faith and fair dealing is in the nature of assumpsit"). The Court finds that Count 4 for attorneys' fees and costs further indicates that this action lies in

assumpsit. Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) ("The presumption in favor of assumpsit is strengthened when the plaintiff has prayed for attorney's fees in his original complaint.").

In Count 1, Plaintiff seeks (1) a declaration that the Vessel's loss was covered by Defendant's insurance policy, (2) monetary damages in the amount of at least $250,000 for the Vessel's loss or, alternatively, $75,098.65 as reimbursement of premiums paid to Defendant, and (3) attorneys' fees and costs. (Complaint ¶¶ 17-19.) Although "declaratory judgment actions that do not seek monetary damages are not in the nature of assumpsit," a claim for declaratory relief that does seek money damages is in the nature of assumpsit. See Allstate Ins. Co. v. Leong, Civ. No. 09-00217 SOM-BMK, 2010 WL 3210755, at *3 (D. Haw. July 23, 2010) ("the Hawaii Supreme Court held that the plaintiff insurance company's declaratory action was in the nature of assumpsit because the plaintiff sought consequential damages"); Great Divide Ins. Co. v. AOAO Maluna Kai Estates, Civ. No. 05-00608 ACK-LEK, 2007 WL 2484322, at *4-6 (D. Haw. Aug. 28, 2007) (same). Because Count 1 seeks both declaratory relief as well as money damages and is based on the insurance contract, the Court finds that this claim is in the nature of assumpsit. See Allstate Ins. Co., 2010 WL 3210755, at *3; Great Divide Ins. Co., 2007 WL 2484322, at *4-6.

Accordingly, the Court finds that each claim in the Complaint is in the nature of assumpsit and therefore, this action as a whole lies in assumpsit.

B. Prevailing Party

HRS § 607-14 provides that "reasonable attorneys' fee shall be taxed in favor of the prevailing party and against the losing party." Young v. Geico Indem. Co., Civ. No. 08-00171 JMS-KSC, 2009 WL 3049640, at *3 (D. Haw. Sept. 23, 2009). A "party in whose favor judgment is rendered by the district court is the prevailing party." Id. Inasmuch as the Court entered final judgment in Defendant's favor and denied Plaintiff's Motion to Amend Judgment, Defendant is clearly the prevailing party in this case. (Docs. 70 (Judgment) & 83 (Order Denying Plaintiff's Motion to Amend Judgment.)

C. Reasonable Amount of Attorneys' Fees

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1041 (D. Haw. Aug. 23, 2011). "Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate." Id.

In addition, a court may consider the following factors:

>    (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause;
>    (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients;
>    (3) the customary charges of the Bar for similar services;
>    (4) the amount involved in the controversy and the benefits resulting to the client from the services;
>    (5) the contingency or the certainty of the compensation; and
>    (6) the character of the employment, whether casual or for an established and constant client.

Id. These factors are "guides" to determining the value of the attorneys' services, and the court is not required to consider each of them in every case. Id.

    1.   Reasonable Hourly Rate

Defense counsel request the following hourly rates:

| | |
|---|---|
| Michael J. Nakano | $175.00 / hour |
| Andrew N. Porter | $150.00 / hour |
| Mark S. Hamilton | $135.00 / hour |

Plaintiff "does not object to the hourly rates charged for the various [defense] attorneys." (Opp. at 7.) Further, given the attorneys' experience and the rates

charged by attorneys in this community, the Court finds these hourly rates to be reasonable.

### 2. Reasonable Hours Expended

Defense counsel assert that they spent the following amount of time working on this case:

| | |
|---|---|
| Michael J. Nakano | 126.8 hours |
| Andrew N. Porter | 58.9 hours |
| Mark S. Hamilton | 3.3 hours |

Plaintiff raises several arguments against the amount of time defense counsel expended on this case.

First, Plaintiff challenges several invoices attached to Defendant's Motion. Defendant agrees that certain entries totaling $52.50 in Invoices 20999 and 20943 do not pertain to this case and withdraws its request for them. (Reply at 7.) Regarding the fees in Invoice 10061, Plaintiff argues that they are unrecoverable because they were incurred before this litigation commenced. (Opp. at 5.) Plaintiff concedes, however, that these fees "pertain to [Defendant's] investigation of and denial of [Plaintiff's] claim." (Id.) Indeed, prior to the filing of the Complaint, Defendant anticipated that Plaintiff would commence legal action against it and hired defense counsel to review its decision denying coverage. (Reply at 6; Ex. A attached to Reply.) Invoice 10061 reflects work done by

defense counsel in anticipation of litigation, and such fees are therefore recoverable. See Transbay Auto Service, Inc. v. Chevron U.S.A., Inc., Civ. No. 09-04932 SI, F. Supp. 2d, 2013 WL 843036, at *5 (N.D. Cal. March 6, 2013) (awarding pre-litigation fees and costs); see also Dishman v. UNUM Life Ins. Co. of America, 269 F.3d 974, 987 (9th Cir. 2001) (affirming an award of pre-litigation attorneys' fees).

Second, Plaintiff objects to Defendant's "assignment of three separate attorneys to this case and the total number of hours billed." (Opp. at 8.) Specifically, Plaintiff argues that "the assignment of multiple attorneys must have resulted in duplicative billing for time each attorney spent reviewing the files in order to familiarize themselves with the facts, claims and defenses asserted by the parties." (Id. at 8-9.) Plaintiff also objects to instances where two attorneys jointly drafted motions and supporting memoranda. (Id. at 9.) Defendant notes that none of the associate attorneys billed time for reviewing case files because "associate review of case files is part of the general overhead in a firm and this time was not billed to the client." (Reply at 8.) Further, it was cost-effective for associate counsel to assist lead counsel in drafting memoranda because the hourly rate for associate counsel is less than lead counsel's hourly rate. The Court therefore finds that the time spent drafting memoranda was reasonable.

Third, Plaintiff challenges the time expended preparing to depose Plaintiff's president. (Opp. at 10). Defense counsel spent 3.5 hours drafting deposition questions for Plaintiff's president and spent 2 hours preparing for the deposition. (Ex. A, Invoice 10254.) Although the deposition was 4.8 hours long, the Court finds that the time spent preparing for the deposition of Plaintiff's president was reasonable.

Lastly, Plaintiff argues that the Court should exclude fees for clerical and ministerial functions, and for work "that would normally have been performed by a paralegal." (Opp. at 11). However, Plaintiff fails to point to a single entry in Defendant's Invoices that is clerical, ministerial, or work usually performed by a paralegal. Further, the Court reviewed the Invoices and found no fee entry falling into these categories. Therefore, the Court declines to exclude any fees for clerical, ministerial, or paralegal work.

In sum, the Court finds that defense counsels' hourly rates are reasonable and that they spent a reasonable amount of time defending against this lawsuit. The lodestar amount, which multiplies the reasonable hourly rate by the reasonable hours expended, is $31,418.00.[2] Neither party argues that other factors

---

[2] This total equals the amount requested ($31,470.50) minus $52.50 in fees that Defendant withdrew in their Reply Memorandum. (Reply at 7.)

should increase or decrease the lodestar amount. Consequently, the Court finds that this lodestar amount constitutes Defendant's reasonable attorneys' fees.

II.        Fees Incurred Post-Judgment

After Judgment was entered and after Defendant filed this Motion for Attorneys' Fees, Plaintiff filed its Motion to Amend Judgment, which challenged the Order Granting Summary Judgment and the entry of Judgment. (Doc. 77.) Defendant opposed Plaintiff's motion and prevailed. In its Reply Memorandum, Defendant seeks "leave to file a Supplemental Motion for Attorneys' Fees to include fees expended on the Motion to Amend." (Reply at 5.) The Court GRANTS that request. Defendant shall file a Supplemental Motion for Attorneys' Fees, seeking only fees incurred in opposing Plaintiff's Motion to Amend Judgment (Doc. 77). This Supplemental Motion is due February 24, 2014.

## CONCLUSION

In light of the foregoing, the Court finds and recommends that Defendant's Motion for Attorneys' Fees (Doc. 71) be GRANTED IN PART AND DENIED IN PART. The Court recommends that Defendant be awarded $31,418.00 in fees. The Court also grants Defendant's request to file a Supplemental Motion for Attorneys' Fees, seeking only fees incurred in opposing

Plaintiff's Motion to Amend Judgment (Doc. 77).  This Supplemental Motion is due February 24, 2014.

Any Objections to this Findings and Recommendation are due in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

DATED:  Honolulu, Hawaii, January 27, 2014.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Port Lynch, Inc. v. Samsung Fire & Marine Insurance Co., Ltd., Civ. No. 11-00398 DKW-BMK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES.